## EX PARTE JOHN WINFIELD.

No. 3184.   Decided June 17, 1914.

**Habeas Corpus—Age of Defendant.**

Where the relator claimed that he was under sixteen years of age at. the time of the commission of the offense, and he was found guilty of misdemeanor theft and no plea was filed at the time of the trial, and the relator stated to the officers that he was eighteen years of age to keep from being sent to the reformatory, he was not brought within the scope of the Act of the Thirty-third Legislature, and the judgment could not be declared void on writ of habeas corpus.

Appeal from the District Court of Tarrant.   Tried below before the Hon. Marvin H. Brown.

Appeal from a habeas corpus proceeding asking release from a misdemeanor conviction, because relator was not sixteen years of age at the time of the commission of the offense.

The opinion states the case.

Nc brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Relator was convicted upon pleas of guilty in four different cases in which he was charged with misdemeanor theft. In each case his punishment was assessed at imprisonment in jail for thirty days and a fine of $25—the total imprisonment aggregating four months and fines, including cost, $168.80.

The record discloses that the commitments in the cases were issued July 7, 1913, but does not disclose the date of the offenses nor the date of the trial.   In the judgment remanding the relator, Judge Marvin H. Brown, who heard the application, recites:

"This cause coming on this day to be heard upon a writ of habeas corpus and the court having heard the evidence and the argument in said cause and being of the opinion that the relator is legally and rightfully held by the proper authorities, files the following finding of fact and conclusions of law in said cause:

### FINDINGS OF FACT.

"The court finds that the relator is, upon his own admission, guilty of the crimes with which he is charged, upon which he has been convicted and for which he is now serving a term for fines and jail sentences. .

"The court finds that the relator is now and was at the time of the commission of the offenses for which he is now punished over the age of sixteen years.

### CONCLUSIONS OF LAW.

"The court concludes as a matter of law that the relator is legally and rightfully restrained of his liberty and is in the custody of the proper authorities.

JUDGMENT OF THE COURT.

"It is therefore ordered, adjudged and decreed by the court that the relator be and he is hereby remanded to the custody of the sheriff of Tarrant County, Texas, to be held by the said sheriff until discharged in accordance with the laws of the State of Texas."

Relator and his stepfather and another witness swear that he was born in 1899, making him under sixteen years of age at the date of the commission of the offenses. The officer who arrested relator testified that relator told him he was eighteen years old when he was arrested, and relator said the reason he did so he did not want to be sent to the reformatory. The question as to age was not raised on the original trial of the cases—relator entering a plea of guilty in each case.

No brief has been filed by relator's counsel and we presume the only ground upon which he seeks to have relator released is that relator was under sixteen years of age at the time of the commission of the offense. So the sole question presented is, if relator was under sixteen years of age, would that fact render the judgment finding him guilty of misdemeanor theft and assessing his punishment at a fine and imprisonment void? He admits he filed no such plea, but at that time stated to the officers he was eighteen years of age, to keep from being sent to the reformatory. We are of the opinion that if the trial was had after chapter 112 of the Acts of the Thirty-third Legislature became effective, which is not made clear by the record, if there is a question as to the age of the offender, this issue shall be presented and disposed of at the time of the trial. It appears in this case the officer making the arrest did make inquiry and all the information he received at that time would not bring relator within the provisions of the Act, and we are, therefore, of the opinion that the judgments rendered by the County Court are not void, and Judge Brown did not err in remanding the relator. If a case should arise where it is made clear that the defendant was in fact within the age prescribed by that statute, he is not entitled to be discharged, but he should be held and proceeded against under the provisions of that Act.

The judgment is therefore affirmed.

*Affirmed.*